UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R. DAVID BOYER, as Trustee of the Bankruptcy Estate of Bruce Robbins and Ann Marie Robbins,<br><br>    Plaintiff,<br><br>    v.<br><br>CANTERBURY SCHOOL, INC.,<br><br>    Defendant. | CAUSE NO. 1:04-CV-367-TS |

**OPINION & ORDER**

  Bruce Robbins was terminated from his position at Canterbury School and alleges that this termination was in retaliation for actions he took to prevent discrimination against his stepson A.R.S. Robbins filed a claim for damages under the American with Disabilities Act and Indiana law. After filing his complaint, Mr. Robbins filed bankruptcy and the trustee for the bankruptcy estate of Robbins, R. David Boyer, was substituted as the Plaintiff. The Defendant, Canterbury School, filed its Motion for Partial Judgment on the Pleadings seeking dismissal of all the Plaintiff's claims except the ADA retaliation claim. The Plaintiff responded and the Defendant replied, raising several new arguments. The Plaintiff then filed a motion to strike the new arguments from the Defendant's reply and asked that they be disregarded. The Defendant argued in its response that the Plaintiff should be given opportunity for a surreply instead. For the reasons stated herein, the Plaintiff's motion to strike is granted. The Defendant's motion for judgment on the pleadings is granted as to Plaintiff's second claim only.

## RULE 12(c) STANDARD

A motion for judgment on the pleadings under Federal Rule of Procedure 12(c) is subject to the same standard as a motion for dismissal under Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A Rule 12(b)(6) motion to dismiss is granted only if it "appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason*, 888 F.2d at 1204. Federal notice pleading requires only that the plaintiff "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir.1999)).

## FACTUAL BACKGROUND

For the purpose of adjudicating the Defendants' motion to dismiss, the Court accepts as true the following facts provided by the Plaintiff.

Bruce Robbins was hired in March 1997 to begin teaching in August 1997 at Canterbury School. Canterbury School is an independent, private school operated by Canterbury School, Inc., an Indiana Corporation. Each year from 1997 to 2003, Robbins signed an employment contract for the following school year. Each contract stated that it was terminable at will by either party on thirty days written notice. (1st Am. Compl. ¶ 9.)

Mr. Robbins's stepson A.R.S. enrolled at Canterbury in 1998. A.R.S. has Type I juvenile diabetes. Ms. Robbins asked Canterbury to accommodate A.R.S.'s diabetic condition. Canterbury's accommodation of A.R.S. was inconsistent and on two occasions, A.R.S. required emergency care upon returning from school field trips. In fall 2002, the Robbins family requested a meeting with the Canterbury freshman dean. At the meeting, the dean promised to share a video on diabetes care with A.R.S.'s teachers and for A.R.S.'s endocrinologist to meet with his teachers. The dean did not do this. On March 6, 2003, Canterbury declared its policy to be to call 911 when there was concern about A.R.S.'s condition and refused to follow a plan provided by A.R.S.'s endocrinologist for the monitoring and caring of A.R.S. On the same day, Canterbury expelled A.R.S. After meeting with the Robbins family, Canterbury allowed A.R.S. to return on the condition that either Mr. or Ms. Robbins would be present at school whenever A.R.S. was present. Canterbury also required that the school be relieved of liability for harm to A.R.S. from his condition.

Responding to the perceived unfair treatment of A.R.S., his father, Jeff Schroeder, sent Canterbury a letter informing the school that he intended to pursue legal action against the school. Canterbury formed a committee to investigate the matter. On May 31, 2003, Mr. Robbins filed a complaint with the committee alleging that the school violated the ADA.

On June 16, 2003, Mr. and Ms. Robbins were interviewed by the Canterbury committee. During this meeting, Mr. Robbins signed an agreement stating that Canterbury would not retaliate against Mr. Robbins for his complaints regarding the school's treatment of A.R.S. On July 13, 2003, Ms. Robbins filed complaints with the U.S. Department of Justice and the U.S. Department of Education alleging that Canterbury discriminated against A.R.S. and the Robbins family because of A.R.S.'s condition in violation of the ADA. The same day, Ms. Robbins notified Canterbury by

fax that she would be consulting with an attorney regarding the filing of a civil rights lawsuit.

On July 14, 2003, the Canterbury committee mailed a copy of its conclusions to the Robbins. The report defended the school's treatment of A.R.S. The next day, Ms. Robbins requested copies of all documents submitted to the committee for use in its investigation. The school refused to comply. On August 11, 2003, Ms. Robbins filed a petition in Allen County Circuit Court seeking an order to compel Canterbury to produce the requested documents under Indiana's Parental Access to Education Records law. This petition was denied on September 23, 2003.

On October 6, 2003, Ms. Robbins filed an amended petition in Allen County Circuit Court to compel access to the committee documents. On October 13, 2003, the Canterbury headmaster interrogated Mr. Robbins about the lawsuit and asked whether he supported his wife's actions. Mr. Robbins answered that he did. The headmaster gave Mr. Robbins a letter terminating his employment with Canterbury.

## PROCEDURAL BACKGROUND

On October 1, 2004, Mr. Robbins filed his complaint. On December 16, 2004, the First Amended Complaint was filed substituting Trustee R. David Boyer for Mr. Robbins as the plaintiff. The Plaintiff's Complaint alleges four claims for relief: 1) the Defendant is liable under the American with Disabilities Act because the Defendant retaliated against the Plaintiff for taking actions protected by the ADA; 2) the Defendant is liable under an Indiana common law cause of action prohibiting employer retaliation against at-will employees for actions protected by public policy; 3) the Defendant is liable for breaching its employment agreement with the Plaintiff; and 4) the Defendant is liable for breaching its June 16, 2003, non-retaliation

agreement with the Plaintiff. The Plaintiff asks for an injunction stopping the Defendant's unlawful behavior and seeks equitable, legal, and punitive damages. The Court has jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367.

On January 31, 2005, the Defendant filed its Answer. On March 15, 2005, the Defendant filed its Motion for Judgment on the Pleadings arguing that the Plaintiff's second, third, and fourth claims should be dismissed. On April 4, 2005, the Plaintiff filed its response. On April 18, 2005, the Defendant filed its reply, raising several new arguments in support of its motion. On May 2, 2005, the Plaintiff filed a Motion to Strike the new arguments from the Defendant's reply and asked the Court to disregard them. The Defendant's response, filed May 23, 2005, conceded that arguments raised in the reply were not raised in the Motion for Judgment, and argued that the Plaintiff be given an opportunity to surreply. The Plaintiff filed its reply on May 3, 2005. The Defendant filed a Motion for Summary Judgment on August 31, 2005, raising the same arguments made in the Motion for Judgment on the Pleadings and in the reply.

## DISCUSSION

### A.   Plaintiff's Motion to Strike

The Plaintiff is correct in its assertion that arguments may not be first raised in a reply brief; replies should be confined to the issues raised in the opening motion or brief. *Rockrohr v. Norfolk S. Corp.*, 797 F. Supp. 664, 665 n.1 (N.D. Ind. 1992). It is unfair because it deprives the non-moving party of an opportunity to respond. Because of this unfairness, the Seventh Circuit has deemed waived any arguments not made in the opening brief, even if raised in reply. *See Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir. 1990); *Egert v. Conn. Gen. Life Ins. Co.*, 900

F.2d 1032, 1035 (7th Cir. 1990). This unfairness would be remedied by allowing a surreply as requested by the Defendant. However, seeing that the Defendant's Motion for Summary Judgment filed August 31, 2005, raises the arguments Plaintiff seeks to strike from the Defendant's reply, the Court will grant the Plaintiff's motion to strike and disregard the arguments raised for the first time in the reply. The Court will not consider arguments raised in Section I, the first paragraph of section III, and the portion of the third paragraph of section III beginning with "Moreover, because the contract . . ." up to the last sentence. The stricken arguments will be considered in conjunction with the Defendant's Motion for Summary Judgment.

### B.     The Plaintiff's Second Claim under Indiana Common Law for Retaliatory Discharge

The Plaintiff's second claim alleges that the Defendant is liable for breaking its at-will employment contract with Mr. Robbins under Indiana common law because it terminated Mr. Robbins for "expressing the clear statutorily-conferred right to object to Defendant's discriminatory treatment of persons with disabilities." (1st Am. Compl., ¶ 58.) The Defendant argues that the Indiana common law rule prohibiting the termination of an at-will employee for exercising rights protected by public policy does not apply here because Mr. Robbins has a remedy under the ADA. The Plaintiff responds that the ADA does not preempt any state law claims.

Unless there is a contract for a term, employment in Indiana is at will and terminable by either party with or without cause. *Orr v. Westminster Village N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). The Supreme Court of Indiana has recognized two public policy exceptions to the

employment at will doctrine. First, in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), the Indiana Supreme Court allowed an employee to sue for retaliatory discharge when terminated for filing a worker's compensation claim. *Id.* at 427–28. Second, in *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988), the court allowed a plaintiff to bring a retaliatory discharge claim when he was terminated for refusing to violate a law for which he could be personally liable. *Id.* at 392–93. The Indiana Supreme Court has repeatedly stressed its reluctance to expand this exception to the employment-at-will doctrine. *Wior v. Anchor Industries,* 669 N.E.2d 172, 177–78 (Ind. 1996) ("Given our reluctance to broaden exceptions to the employment-at-will doctrine and the existing, adequate protection of employees' rights to worker's compensation benefits, we decline [plaintiff's] invitation to extend *Frampton*."); *McClanahan*, 517 N.E.2d at 393 ("A separate but tightly defined exception to the employment at will doctrine is appropriate under these facts.") *Morgan Drive Away, Inc. v. Brant*, 489 N.E.2d 933, 934 (Ind. 1986) ("Revision or rejection of the [employment-at-will] doctrine is better left to the legislature. We therefore decline this opportunity to extend *Frampton* to the facts of the instant case.").

The Plaintiff's claim for wrongful discharge is a *Frampton*-type, wrongful-discharge claim. The Plaintiff claims that he was terminated for taking actions protected by statute, not that he was terminated for refusing to take actions that may lead to personal liability.

The Plaintiff and the Defendant disagree about what the elements of a *Frampton*-type wrongful discharge claim are. Both agree that a wrongful discharge claim may be brought only if the act for which the plaintiff was fired was protected by statute. The Defendant argues that the wrongful discharge claim is available only if the statute provides no remedy. The Plaintiff argues

that the wrongful discharge claim is available unless the statute provides the exclusive remedy. A close reading of the Indiana Supreme Court decisions supports the Defendant's position.

A common thread in the Indiana Supreme Court cases considering claims for wrongful discharge is the examination into whether the available remedies are adequate to deter violations of the statutory right; if available remedies are adequate, the court has refused to create further exceptions to the employment-at-will doctrine.

In holding that there was a public policy exception to the employment-at-will doctrine, the *Frampton* court relied heavily on the fact that there was no remedy available to a worker terminated for filing a worker's compensation claim and that, consequently, there was nothing to deter violations of the law. *Frampton*, 297 N.E.2d at 428 ("Once an employee knows he is remediless if retaliatorily discharged, he is unlikely to file a claim."). The Indiana Supreme Court in *McClanahan* also emphasized the lack of a remedy for employees terminated for refusing to violate the law. *McClanahan*, 517 N.E.2d at 393 ("Depriving McClanahan of any legal recourse under these circumstances would encourage criminal conduct by both the employee and the employer.").

In *Wior*, the Indiana Supreme Court's most recent case regarding wrongful discharge, a manager of a manufacturing plant alleged that he was terminated for refusing to terminate an employee who had filed a worker's compensation claim. *Wior*, 669 N.E.2d at 173–74. He brought a wrongful discharge claim against his employer. The plaintiff argued that *Frampton* gave him a cause of action for wrongful discharge. The Indiana Supreme Court disagreed. The Court approached the issue by identifying the public interest that would be protected by expanding the *Frampton* exception to the employment-at-will doctrine. The Court then

8

considered whether allowing an exception was necessary to protect that interest. *Id.* at 177. The Court found that the public policy interest at stake, an employee's ability to seek worker's compensation benefits, was adequately protected and that there was no need to expand the wrongful-discharge cause of action. *Id.* The Court also noted that no clear statutory right was violated. *Id.*

Other federal courts have also refused to expand the public policy exception to the employment-at-will doctrine. As the court in *Davenport v. Grand Lodge of the Free and Accepted Masons*, 2004 WL 2278754 (S.D. Ind. Sept. 30, 2004), recognized, "The Seventh Circuit and district courts in Indiana have repeatedly predicted that Indiana courts would not recognize a common law claim for wrongful discharge contrary to public policy where the underlying statute establishes its own remedies and procedures for discrimination and retaliatory discharge." *Id.* at *4 (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 504 (7th Cir. 1999); *Combs v. Ind. Gaming Co.*, 2000 WL 1716452 (S.D. Ind. Aug. 30, 2000); *Reeder-Baker v. Lincoln Nat'l Corp.*, 644 F. Supp. 983 (N.D. Ind. 1986)).

This Court must conclude that, under Indiana law, to assert a claim for wrongful discharge, there must be no other remedy adequate to deter the employer's conduct; it is not enough that an employer terminates an employee for exercising a statutory right. In this case, the Plaintiff claims he was terminated for exercising rights protected by the ADA. Persons fired in violation of the ADA may obtain an injunction, reinstatement, back pay, and other appropriate equitable relief. *See* 42 U.S.C. §§ 12203; 2000e-5(g)(1); *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004) ("[T]he remedies available for ADA retaliation claims against an employer are limited to the remedies set forth in s 2000e-5(g)(1)."). Considering the Indiana

9

Supreme Court's reluctance to expand wrongful discharge claims and the remedies available to plaintiffs under the ADA, this Court finds it highly unlikely that the Indiana Supreme Court would find the remedies available under the ADA inadequate and expand the wrongful discharge exception. Even if all the facts alleged by the Plaintiff are true, the Plaintiff's second claim must be dismissed.

### C.     The Plaintiff's Third and Fourth Claims for Breach of Contract

The Plaintiff's third claim alleges that the Defendant is liable for breaching its 2003 employment contract with Mr. Robbins. (1st Am. Compl., ¶ 60.) The Plaintiff's fourth claim alleges that the Defendant is liable for breaching its June 16, 2003, non-retaliation agreement with Mr. Robbins. (1st Am. Compl., ¶ 62.) The Defendant argues that both of these contract claims must be dismissed because they are duplicative and preempted by the ADA claim. The Plaintiff responds that the ADA does not preempt any state law contract claims.

The ADA states expressly that "[n]othing in this Act shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State . . . that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this Act." 42 U.S.C. § 12201(b). The ADA does not preempt the Plaintiff's contract claims.

The Defendant cites no Indiana authority supporting its argument. Its reliance on *Combs v. Indiana Gaming Co., LP*, 2000 U.S. Dist. LEXIS 16658 (S.D. Ind. Aug. 30 2000), is misguided. A wrongful discharge claim under Indiana common law sounds in tort. *Holtz v. Bd. of Comm'rs of Elkhart County,* 560 N.E.2d 645, 646 (Ind. 1990) ("His only avenue of redress for

retaliatory discharge of necessity must be in tort."). *Combs* is a wrongful discharge case, not a contract case and has no relevance to the Plaintiff's breach of contract claims. The Defendant has failed to show that the Plaintiff can obtain no relief on claims three and four. The Defendant's motion to dismiss the Plaintiff's third and fourth claims is denied.

## CONCLUSION

For the reasons stated, the Court GRANTS the Plaintiff's motion to strike [DE 24] and has disregarded the Defendant's arguments not raised in the initial brief. The Defendant's Motion for Judgment on the Pleadings [DE 20] is GRANTED as to the Plaintiff's second claim and DENIED as to the Plaintiff's third and fourth claims.

SO ORDERED on September 27, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

11